[Civ. No. 4450.   Second Appellate District, Division One.—December 7, 1923.]

In the Matter of the Estate of LOTTIE E. HIGLEY, Deceased. BELLE M. HURLEY, Appellant, v. IDA E. JOHNSTON, Respondent.

[1] WILLS — CONTEST — UNDUE INFLUENCE — EVIDENCE—NONSUIT.—In this will contest on the ground of undue influence, neither of the subscribing witnesses to the will having been called as a witness in the case, and no other person present at the execution of the will having been called to testify on behalf of the contestant, and there not having been any testimony that the proponent or any other person had directly or indirectly influenced or attempted to influence the decedent in the making of her will or in the disposition of her property, the judgment of nonsuit was properly granted.

[2] ID.—DECLARATIONS OF TESTATRIX—WHEN ADMISSIBLE.—In a will contest on the ground of undue influence, declarations of the testator made during his lifetime are inadmissible for the purpose of showing undue influence; but such declarations may be admitted for the purpose of showing the state of mind of the testator at the time of their utterance.

[3] ID.—RECONCILIATION OF TESTATRIX AND PROPONENT—PRIOR DECLARATIONS INADMISSIBLE.—In this will contest on the ground of undue influence, the evidence having shown that, while an estrangement had existed between the testatrix and proponent, there had been a reconciliation some years prior to the making of the will, since which time they had lived together in the most friendly relations up to the time of the death of the testatrix, and that this relation existed at the time of the making of the will, the trial court did not commit error in excluding certain declarations by the testatrix concerning contestant and proponent, which were in the main expressions of friendliness toward contestant and of unfriendliness, and often of hostility, toward proponent, where such declarations were made prior to the reconciliation between the testatrix and proponent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. Crail, Harold C. Morton and Julius V. Patrosso for Appellant.

H. J. Fish and Ward Chapman for Respondent.

CURTIS, J.—This is a contest of the will of Lottie E. Higley, deceased, brought by Belle M. Hurley, a daughter, contestant and appellant, against Ida E. Johnston, proponent and respondent, on the ground of undue influence on the part of proponent. The trial court ordered a nonsuit and entered judgment accordingly, and this appeal is from said judgment.

[1] The judgment of nonsuit was properly granted. Neither of the subscribing witnesses to the will was called as a witness in the case, nor was any other person present

2. Admissibility of antetestamentary declarations as evidence of undue influence, notes, 5 Ann. Cas. 608; 10 Ann. Cas. 600; Ann. Cas. 1917D, 717; 3 L. R. A. (N. S.) 749.

at the execution of the will called to testify on behalf of the contestant, nor was there any testimony that the proponent or any other person had directly or indirectly influenced or attempted to influence the decedent in the making of her will or in the disposition of her property. The proponent of the will, Ida E. Johnston, was called on behalf of the contestant and testified that she was not present at the execution of her mother's will; that she had never made any suggestion to her mother as to the manner in which, or the persons to whom, the decedent should leave her property; that her mother had never indicated to her, prior to the execution of said will, how she intended to leave her property, and that after the execution of the will her mother had never informed her of its contents, and that she, proponent, had no knowledge of the contents of the will until the same was read to her and her sister, the contestant, immediately after the death of her mother, by the attorney in whose custody the mother had left the will, except that some time after the will had been executed the mother made a conveyance of six lots at Manhattan Beach, and at the time she made this conveyance the mother stated to the proponent that these were the lots that she had left to the contestant. The testimony further showed that decedent and her daughter, Ida E. Johnston, were estranged during a period of time beginning in 1908 and ending about the first part of the year 1916. During the latter part of the year 1915 a reconciliation was effected between the decedent and her daughter Mrs. Johnston, and in the early part of 1916 Mrs. Johnston took up her residence with her mother and the two lived together until the death of the decedent in November, 1919. The will was executed · in March, 1918. Prior to the death of her mother the contestant lived in Rockford, Illinois, except for a visit made by her to her mother in 1905. The relations between the contestant and her mother were of the most friendly nature, and they corresponded regularly except during the last year of her mother's life. There was evidence to the effect that the proponent, some years prior to her mother's death, had said that she would never live with an old person without she got everything she had. One of the neighbors of the deceased also testified that she had been very friendly with the deceased and visited her in her home every day,

but after the deceased and proponent became reconciled the relations between the witness and the deceased changed, and that decedent thereafter did not appear to want to see the witness. A mere statement of this evidence is in our opinion sufficient to show that it is utterly lacking in those essentials which go to make out a case of undue influence, and in our opinion the trial court committed no error in granting proponent's motion for a nonsuit. (*Estate of Anderson*, 185 Cal. 700 [198 Pac. 407].) In this case will be found an extensive reference to the authorities of this state upon this subject. These authorities undoubtedly sustain the ruling of the trial court in granting a nonsuit in the case at bar.

The further objection is made to rulings of the court in excluding certain letters written by the decedent to the contestant some years prior to the date of the execution of the will, and also in excluding certain declarations concerning the contestant and proponent, made by the decedent during her lifetime. So far as the letters are concerned they are not in the record and this court has no means of ascertaining their contents and for this reason could not review the ruling of the court excluding them. However, what is said hereafter regarding the declarations of the decedent would also apply to these letters, as all were written during the year 1911, some seven years prior to the execution of the will. All of the declarations sought to be introduced in evidence, with one exception of such slight consequence that no further mention will be made of it, were made, it is claimed, by the decedent prior to 1916, and at least two years prior to the execution of the will. The date of some of them was given as far back as 1909. These purported declarations of the decedent in the main were expressions of friendliness toward Mrs. Hurley and of unfriendliness, and often of hostility, towards Mrs. Johnston. Appellant offered to prove by these declarations that decedent had said that her daughter Ida E. Johnston had received her share of her property and in case of her death that she didn't want Mrs. Johnston to step into her house because she knew that she would take everything, and that she did not want Mrs. Johnston to step in and take away everything from Mrs. Hurley. Respondent contended before the trial court and now contends that these declarations were

hearsay and therefore were inadmissible in evidence as against respondent. [2] The rule is well established in this state that the declarations of the testator made during his lifetime in a contest of his will, on the ground of undue influence, are inadmissible for the purpose of showing undue influence. (*Estate of Arnold,* 147 Cal. 583–594 [82 Pac. 252], and authorities there cited.) They may, however, be admitted for the purpose of showing the state of mind of the testator at the time of their utterance. (*Estate of Anderson,* 185 Cal. 700–718 [198 Pac. 407].) In this case we find the following language used: "But such declarations are competent only when they are indicative of the declarant's mental state at the very time of their utterance, and only for the purpose of that mental state. It follows from this that unless his mental state at that time is material to the issue under investigation, the declarations are not admissible, even though they do show his mental state at that time, not because they are not competent for that purpose, but because that purpose is not germane to the issue." [3] As we have already noted, the declarations which the court held to be inadmissible purported to have been made by the testatrix some time prior to the year 1916 and over two years before the making of the will. They were made at a time when an estrangement existed between the testatrix and her daughter Ida E. Johnston. The evidence shows without contradiction that there had been a reconciliation between the mother and daughter some time during the latter part of the year 1915, and that since this reconciliation they had lived together in the most friendly relations up to the time of the death of the testatrix, and that this friendly relation between mother and daughter existed in November, 1918, the date of the execution of the will. These declarations, therefore, under the circumstances would throw absolutely no light upon the state of mind of the decedent at the time she executed her will and. were therefore properly excluded by the trial court.

Even conceding that these declarations were admissible to show decedent's state of mind, yet their rejection was harmless under the facts of this case. If we are correct in our conclusion that the judgment of nonsuit was properly granted by the court, on account of a lack of evidence showing undue influence, then the admission of these declara-

tions would not have helped the contestant's case. As we have already seen, they are admissible for one purpose only, that is, to show the state of the mind of the decedent, and are inadmissible and cannot be considered by the court or jury for the purpose of establishing undue influence. The case of the contestant, therefore, even with these declarations in evidence, would still have been insufficient to have been submitted to a jury, and the court would have been compelled to have granted a nonsuit.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.